```
UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA      :

     - v. -                   :

RANDY TORRES,                 :
   a/k/a "Rico,"
WALSTON OWEN,                 :      INDICTMENT
   a/k/a "Purpose,"
SHAQUILLE BAILEY,             :      S7 16 Cr. 809 (VM)
   a/k/a "Shaq,"
   a/k/a "Jefe,"              :
CHARLES VENTURA,
   a/k/a "Gutta,"             :
EARL BANKS,
   a/k/a "EJ," and            :
EMIL MATUTE,
   a/k/a "Silly,"             :

            Defendants.       :

- - - - - - - - - - - - - - - x
```

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 19 2019

## COUNT ONE
(Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1. At all times relevant to this Indictment, RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," CHARLES VENTURA, a/k/a "Gutta," EARL BANKS, a/k/a "EJ," and EMIL MATUTE, a/k/a "Silly," the defendants, and others known and unknown, were members and associates of the Rollin' 30s Crips (the "Rollin' 30s" or the "Enterprise"), a criminal organization whose members and

associates engaged in, among other activities, murder, attempted murder, conspiracy to commit murder, acts involving robbery, narcotics trafficking, and conspiracy to commit narcotics trafficking.

2. The Rollin' 30s was a set of the national Crips street gang. The Rollin' 30s operated, among other locations, in and around Hughes Avenue and East Tremont Avenue in the Bronx, New York, and Stratford Avenue and 172nd Street in the Bronx, New York.

3. The Rollin' 30s, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce. The defendants participated in the operation and management of the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

4. From at least in or about 2013 up to and including in or about 2017, members and associates of the Rollin' 30s were

engaged in a series of violent disputes with rival street gangs or crews (generally, the "Opposing Crews"). During these disputes, members and associates of the Rollin' 30s committed multiple shootings and assaults against members and associates of the Opposing Crews.

5. Certain members and associates of the Rollin' 30s committed and agreed, attempted, and threatened to commit acts of violence to protect and expand the territory of the Enterprise, to protect fellow members and associates of the Enterprise, and to protect and expand the drug trafficking operation engaged in by members of the Enterprise. These acts of violence included murder, attempted murder, robberies, and assaults intended either to protect the Enterprise's drug territory, retaliate against members of Opposing Crews who had encroached on the territory controlled by the Enterprise, or to otherwise promote the standing and reputation of the Rollin' 30s amongst rival gangs.

6. Certain members and associates of the Rollin' 30s also sold narcotics primarily in and around areas in the Bronx, New York controlled by the Rollin' 30s. The Rollin' 30s controlled narcotics sales within these areas by prohibiting and preventing non-members, outsiders, and rival narcotics dealers from distributing narcotics in the area controlled by the Enterprise.

## Purposes of the Enterprise

7. The purposes of the Enterprise included the following:

   a. Preserving and protecting the power, territory, and profits of the Enterprise through murder, attempted murder, and other acts of violence, and threats of violence.

   b. Promoting and enhancing the Enterprise and the activities of its members and associates.

   c. Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

   d. Providing assistance to members and associates who committed crimes for and on behalf of the Enterprise.

   e. Enriching the members and associates of the Enterprise through, among other things, robbery, and the distribution and sale of narcotics, including crack cocaine, heroin, and marijuana.

   f. Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

## Means and Methods of the Enterprise

8. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

   a. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, to protect and expand the Enterprise's criminal operations, and in connection with the rivalries with members of the Opposing Crews.

   b. Members and associates of the Enterprise used threats of violence and physical violence against other members and associates to enforce and maintain discipline within the Enterprise.

   c. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder and attempted murder, against members of the Opposing Crews and other individuals adverse to the Enterprise.

   d. Members and associates of the Enterprise promoted and celebrated the criminal conduct of the Enterprise, namely narcotics distribution, acts involving violence, and firearm usage, in music and on social media websites such as YouTube and Facebook.

e.  Members and associates of the Enterprise obtained, possessed, and used firearms.

f.  Members and associates of the Enterprise distributed controlled substances, including crack cocaine, heroin, and marijuana.

## The Racketeering Conspiracy

9.  From at least in or about 2013, up to and including in or about 2017, in the Southern District of New York and elsewhere, RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," CHARLES VENTURA, a/k/a "Gutta," EARL BANKS, a/k/a "EJ," and EMIL MATUTE, a/k/a "Silly," and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs One through Eight of this Indictment, to wit, the Rollin' 30s, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Rollin' 30s, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

a.  multiple acts involving murder, chargeable under the following provisions of state law:

i. New York Penal Law, Sections 20.00, 110.00 and 125.25 (attempted murder);

ii. New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder);

iii. New York Penal Law, Sections 20.00, 125.25, and 125.27 (murder);

b. multiple acts involving robbery, attempted robbery, and conspiracy to commit robbery, chargeable under the following provisions of state law:

i. New York Penal Law, Sections 20.00, 105.10, 110.00, 160.05, 160.10, and 160.15;

c. multiple offenses involving the distribution of controlled substances, including crack cocaine and marijuana, in violation of laws of the United States, namely Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846, and Title 18, United States Code, Section 2.

10. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

## NOTICE OF SPECIAL SENTENCING FACTORS

### A. NARCOTICS

11. From at least in or about 2013, up to and including in or about 2017, in the Southern District of New York and elsewhere, RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," CHARLES VENTURA, a/k/a "Gutta," EARL BANKS, a/k/a "EJ," and EMIL MATUTE, a/k/a "Silly," and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

12. It was a part and an object of the conspiracy that RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," CHARLES VENTURA, a/k/a "Gutta," EARL BANKS, a/k/a "EJ," and EMIL MATUTE, a/k/a "Silly," and others known and unknown, would and did distribute and possess with intent to distribute (i) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack cocaine," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, (ii) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, and (iii) less than 50 kilograms of

marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and 846.

## COUNT TWO
(Firearms Offense)

The Grand Jury further charges:

13. From at least in or about 2013, up to and including about 2017, in the Southern District of New York and elsewhere, RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," CHARLES VENTURA, a/k/a "Gutta," EARL BANKS, a/k/a "EJ," and EMIL MATUTE, a/k/a "Silly," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which firearms were brandished and discharged on multiple occasions.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT THREE
(Narcotics Conspiracy)

The Grand Jury further charges:

14. From at least in or about 2013, up to and including in or about 2017, in the Southern District of New York and

elsewhere, RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," and SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

15. It was a part and an object of the conspiracy that RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," and SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

16. The controlled substances that RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," and SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," the defendants, conspired to distribute and possess with the intent to distribute were (i) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation of Title 21, United States Code, Section 841(b)(1)(A), and (ii) less than 50 kilograms of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

17. The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by

reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," CHARLES VENTURA, a/k/a "Gutta," EARL BANKS, a/k/a "EJ," and EMIL MATUTE, a/k/a "Silly," that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any of these defendants' conviction under Count One of this Indictment.

18. RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," CHARLES VENTURA, a/k/a "Gutta," EARL BANKS, a/k/a "EJ," and EMIL MATUTE, a/k/a "Silly,":

   a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

   b. have an interest in, security of, claim against, and property and contractual rights which afford a source of influence over, the Enterprise named and described herein which the above-named defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of

11

Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

    c.    have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

    19.    The interests of the above-named defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendants derived from racketeering activities as alleged in Count One of this Indictment.

<u>Substitute Assets Provision</u>

    20.    If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), and 28 U.S.C. § 2461, to seek forfeiture of any other property of the above-named defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 1963.)

### FORFEITURE ALLEGATION AS TO COUNT THREE

21. As a result of committing the controlled substance offense charged in Count Three of this Indictment, RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," and SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count Three of this Indictment.

### Substitute Assets Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," and SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe," the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RANDY TORRES, a/k/a "Rico,"
WALSTON OWEN, a/k/a "Purpose,"
SHAQUILLE BAILEY, a/k/a "Shaq," a/k/a "Jefe,"
CHARLES VENTURA, a/k/a "Gutta,"
EARL BANKS, a/k/a "EJ," and
EMIL MATUTE, a/k/a "Silly,"

Defendants.

TRUE BILL

S7 16 Cr. 809 (VM)

(Title 21, United States Code, Section 846;
Title 18, United States Code, 924(c); 1962(d); and 2.)

GEOFFREY S. BERMAN
United States Attorney.

Foreperson.

2/19/19

Filed S7 Indictment.
Filed Arrest Warrants

- Wang, USMJ