ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

    - v. -                    :

RANDY TORRES,                 :
   a/k/a "Rico,"
WALSTON OWEN,                 :   INDICTMENT
   a/k/a "Purpose,"
   a/k/a "Purp,"              :   S8 16 Cr. 809 (VM)
CHARLES VENTURA,
   a/k/a "Gutta,"             :
EMIL MATUTE,
   a/k/a "Silly,"             :

          Defendants.         :

- - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 0 1 2019

**COUNT ONE**
**(Racketeering Conspiracy)**

The Grand Jury charges:

The Enterprise

1.  At all times relevant to this Indictment, RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp," CHARLES VENTURA, a/k/a "Gutta," and EMIL MATUTE, a/k/a "Silly," the defendants, and others known and unknown, were members and associates of the Rollin' 30s Crips (the "Rollin' 30s" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, murder, attempted murder, conspiracy to commit murder, acts involving

robbery, narcotics trafficking, and conspiracy to commit narcotics trafficking.

2.   The Rollin' 30s was a set of the national Crips street gang.  The Rollin' 30s operated, among other locations, in and around Hughes Avenue and East Tremont Avenue in the Bronx, New York, and Stratford Avenue and 172nd Street in the Bronx, New York.

3.   The Rollin' 30s, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce.  The defendants participated in the operation and management of the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

4.   From at least in or about 2009 up to and including in or about 2017, members and associates of the Rollin' 30s were engaged in a series of violent disputes with rival street gangs or crews, including rival Crip factions (generally, the

"Opposing Crews"). During these disputes, members and associates of the Rollin' 30s committed multiple shootings and assaults against members and associates of the Opposing Crews.

5. Certain members and associates of the Rollin' 30s committed and agreed, attempted, and threatened to commit acts of violence to protect and expand the territory of the Enterprise and to protect fellow members and associates of the Enterprise. These acts of violence included murder, attempted murder, robberies, and assaults intended either to protect the Enterprise's territory, retaliate against members of Opposing Crews who had encroached on the territory controlled by the Enterprise, or to otherwise promote the standing and reputation of the Rollin' 30s amongst rival gangs.

6. Certain members and associates of the Rollin' 30s also sold narcotics primarily in and around areas in the Bronx, New York controlled by the Rollin' 30s. The Rollin' 30s controlled narcotics sales within these areas by prohibiting and preventing non-members, outsiders, and rival narcotics dealers from distributing narcotics in the area controlled by the Enterprise.

<u>Purposes of the Enterprise</u>

7. The purposes of the Enterprise included the following:

   a. Preserving and protecting the power, territory, and profits of the Enterprise through murder, attempted murder, and other acts of violence, and threats of violence.

   b. Promoting and enhancing the Enterprise and the activities of its members and associates.

   c. Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

   d. Providing assistance to members and associates who committed crimes for and on behalf of the Enterprise.

   e. Enriching the members and associates of the Enterprise through, among other things, robbery, and the distribution and sale of narcotics, including crack cocaine, heroin, and marijuana.

   f. Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

Means and Methods of the Enterprise

  8. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

   a. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, to protect and expand the

Enterprise's criminal operations, and in connection with the rivalries with members of the Opposing Crews.

b. Members and associates of the Enterprise used threats of violence and physical violence against other members and associates to enforce and maintain discipline within the Enterprise.

c. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder and attempted murder, against members of the Opposing Crews and other individuals adverse to the Enterprise.

d. Members and associates of the Enterprise promoted and celebrated the criminal conduct of the Enterprise, namely narcotics distribution, acts involving violence, and firearm usage, in music and on social media websites such as YouTube, Instagram, and Facebook.

e. Members and associates of the Enterprise obtained, possessed, and used firearms.

f. Members and associates of the Enterprise distributed controlled substances, including crack cocaine, heroin, and marijuana.

The Racketeering Conspiracy

9. From at least in or about 2009, up to and including in or about 2017, in the Southern District of New York and

elsewhere, RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp," CHARLES VENTURA, a/k/a "Gutta," and EMIL MATUTE, a/k/a "Silly," and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs One through Eight of this Indictment, to wit, the Rollin' 30s, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Rollin' 30s, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

    a.    multiple acts involving murder, chargeable under the following provisions of state law:

        i.    New York Penal Law, Sections 20.00, 105.15, 110.00, 125.25 and 125.27;

    b.    multiple acts involving robbery, chargeable under the following provisions of state law:

        i.    New York Penal Law, Sections 20.00, 105.10, 110.00, 160.05, 160.10, and 160.15;

    c.    multiple offenses involving the distribution of controlled substances, including crack cocaine, heroin and marijuana, in violation of laws of the United States, namely

Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846, and Title 18, United States Code, Section 2.

10. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

## NOTICE OF SPECIAL SENTENCING FACTORS

11. On or about March 26, 2015, in the Southern District of New York, WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp," the defendant, and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of Victor Chafla in the vicinity of 1250 Morrison Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 20.00 and 125.25, in that OWEN, with the intent to cause the death of a member of an Opposing Crew, did cause the death of Victor Chafla, and under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person, and thereby caused the death of Chafla, and did aid and abet the same, to wit, OWEN aided and abetted other members and associates of the Rollin' 30s who shot at a member of an Opposing Crew and thereby killed Victor Chafla, an innocent bystander.

12. On or about September 19, 2015, in the Southern District of New York, RANDY TORRES, a/k/a "Rico," and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of Nestor Suazo, a/k/a "Smaccs," in the vicinity of Hughes Avenue and East Tremont Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 20.00 and 125.25, in that TORRES, with the intent to cause the death of a member of a rival Crip faction, did cause the death of Suazo, and under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person, and thereby caused the death of Suazo, and did aid and abet the same, to wit, TORRES aided and abetted other members and associates of the Rollin' 30s who shot and killed Suazo, a member of a rival Crip faction.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
**(Assault and Attempted Murder in Aid of Racketeering)**

The Grand Jury further charges:

13. At all times relevant to this Indictment, the Rollin' 30s, as described in paragraphs 1 through 8 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as

that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

14. At all times relevant to this Indictment, the Rollin' 30s, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, and offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

15. On or about May 14, 2015, in the Southern District of New York, WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp," the defendant, and other Rollin' 30s members and associates, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Rollin' 30s, and for the purpose of gaining entrance to and maintaining and increasing position in the Rollin' 30s, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon; attempted to murder individuals; and aided and abetted the same, to wit, OWEN shot at an Opposing Crew member and injured two

innocent bystanders, and aided and abetted the same, in the vicinity of Davidson Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 125.25, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.)

### COUNT THREE
### (Firearm Offense)

The Grand Jury further charges:

16. On or about May 14, 2015, in the Southern District of New York, WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Two of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

### COUNT FOUR
### (Assault in Aid of Racketeering)

The Grand Jury further charges:

17. At all times relevant to this Indictment, the Rollin' 30s, as described in paragraphs 1 through 8 of Count One of this Indictment, which are repeated and incorporated by reference as

though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

18. At all times relevant to this Indictment, the Rollin' 30s, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, and offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

19. On or about June 9, 2015, in the Southern District of New York, WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp," the defendant, and other Rollin' 30s members and associates, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Rollin' 30s, and for the purpose of gaining entrance to and maintaining and increasing position in the Rollin' 30s, an enterprise engaged in racketeering activity, as described above, knowingly committed assault resulting in serious bodily injury,

and aided and abetted the same, to wit, OWEN and other members and associates of the Rollin'30s committed an assault of an Opposing Crew member, which resulted in the victim being beaten and slashed in the face, in the vicinity of 1579 Westchester Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.00, 120.05, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT FIVE
### (Assault and Attempted Murder in Aid of Racketeering)

The Grand Jury further charges:

20. At all times relevant to this Indictment, the Rollin' 30s, as described in paragraphs 1 through 8 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

21. At all times relevant to this Indictment, the Rollin' 30s, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States

Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, and offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

22. On or about September 6, 2017, in the Southern District of New York, CHARLES VENTURA, a/k/a "Gutta," the defendant, and other Rollin' 30s members and associates, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Rollin' 30s, and for the purpose of gaining entrance to and maintaining and increasing position in the Rollin' 30s, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon; attempted to murder individuals; and aided and abetted the same, to wit, VENTURA went to the territory of an Opposing Crew and shot and injured an individual, in violation of New York Penal Law, Sections 120.05, 125.25, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.)

### COUNT SIX
### (Firearm Offense)

The Grand Jury further charges:

23. On or about September 6, 2017, in the Southern District of New York, CHARLES VENTURA, a/k/a "Gutta," the defendant, during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Five of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT SEVEN
### (Felon in Possession of Ammunition)

The Grand Jury further charges:

24. On or about September 6, 2017, in the Southern District of New York, CHARLES VENTURA, a/k/a "Gutta," the defendant, knowing that he had previously been convicted of a crime punishable by a term of imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, a Federal .45 Auto cartridge, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

### FORFEITURE ALLEGATION AS TO COUNT ONE

25. The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule

32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp," CHARLES VENTURA, a/k/a "Gutta," and EMIL MATUTE, a/k/a "Silly," that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any of these defendants' conviction under Count One of this Indictment.

26. RANDY TORRES, a/k/a "Rico," WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp," CHARLES VENTURA, a/k/a "Gutta," and EMIL MATUTE, a/k/a "Silly,":

    a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b. have an interest in, security of, claim against, and property and contractual rights which afford a source of influence over, the Enterprise named and described herein which the above-named defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

      c.    have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

27.    The interests of the above-named defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendants derived from racketeering activities as alleged in Count One of this Indictment.

<u>Substitute Assets Provision</u>

28.    If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), and 28 U.S.C. § 2461, to seek forfeiture of any other property of the above-named defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 1963.)

_____
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA

- v. -

RANDY TORRES, a/k/a "Rico,"
WALSTON OWEN, a/k/a "Purpose," a/k/a "Purp,"
CHARLES VENTURA, a/k/a "Gutta," and
EMIL MATUTE, a/k/a "Silly,"

Defendants.

TRUE BILL

S8 16 Cr. 809 (VM)

(Title 18, United States Code, 922(g); 924(c); 1959(a); 1962(d); and 2.)

GEOFFREY S. BERMAN
United States Attorney.

Foreperson.

8/1/2019 Indictment Filed. ~~Case assigned to Judge~~ U.S-MJ Wang (WJ)