# LAW OFFICE OF SAM A. SCHMIDT
**115 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 346-4666**
**FACSIMILE (212) 346-4668**
**lawschmidt@aol.com**

Sam A. Schmidt, Esq.
_____

August 5, 2019

Honorable Victor Marrero
United States District Court Judge          BY ECF
500 Pearl Street
New York, NY 10007

       Re:    *United States v. Randy Torres*, et al
              16 Cr. 809 (VM)

Dear Hon. Judge Marerro:

     As your Honor is aware, trial is scheduled on this matter for September 9, 2019. I accepted assignment of this case at the very end of April 2019 with the hope and expectation that with the assistance of co-counsel, a paralegal, and later a litigation specialist, we would be ready for trial on that date. It was explained that most of the relevant discovery of my client was found in the social media. There are approximately 800,000 pages of social media discovery in the original material made available to us. With the help of the litigation specialist, we were able to convert the pdf pages to a more manageable number that was both easier to review and use. We were also able to give this material Mr. Torres to review. With his assistance and that of the entire defense team, we have made great progress in our review.

     On Wednesday and Thursday, July 31 and August 1, respectively, we were made aware that the government received additional material that they were going to make available to us that consisted of additional social media accounts and the affidavit seeking said material.[1] I immediately sought additional time for our litigation specialist to transform the material in a more usable and readable format which your Honor granted.

---

[1] The search warrant affidavit was signed on July 10, 2019 and the warrant was signed the same day.

**LAW OFFICE OF SAM A. SCHMIDT**

There are approximately 350,000 pages of pdf material and a thirty-eight (38) page affidavit in support of the search warrant to obtain the social media accounts. The government has designated all but approximately 45,000 pdf pages of social media are "Sensitive Discovery" for "For Attys Eyes Only." Not only are approximately ten (10) social media accounts unavailable for review by our clients but the affidavit itself to obtain the material has been marked as such.[2]

Under the protective order filed almost two and one-half years ago and consented to by attorneys of defendants who have all pled guilty and not preparing for trial, the defendants cannot review the material, counsel may not discuss the material with them even in summary form and counsel cannot even cite to the material in motions or supporting documents filed in the court unless sealed.

> IT IS FURTHER ORDERED that certain of the Discovery, referred to herein as "Sensitive Discovery," may contain personal identification information of specific individuals who are not parties to this action, and other confidential information as well as information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Discovery will be controlling absent contrary order of the Court. Notwithstanding the foregoing, Sensitive Discovery shall be maintained in a safe and secure manner solely by Defense Counsel. Notwithstanding the foregoing, Sensitive Discovery, including any copies thereof or excerpts therefrom, or any information contained therein, shall not be disclosed to or possessed by the Defendant, but may be disclosed by Defense Counsel only to Defense Staff and Defense Experts/Advisors and Other Authorized Persons.[3]

---

[2] The request to modify the protective order is made on behalf of all defendants. While I have not heard from all counsel, I have assume that all counsel wish to review the new material with their clients.

[3] IT IS FURTHER ORDERED that the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Witnesses, and Other Authorized Persons are precluded, unless authorized by the Government in writing or by Order of the Court, from filing publicly as an attachment to a filing or excerpted within a filing, any of the Discovery or information

**LAW OFFICE OF SAM A. SCHMIDT**

I will be filing the search warrant affidavit under seal.

The social media contains writings that are often impossible to understand with the use of slang, symbols and other methods that require the assistance of our clients. Moreover, much of the writings and photographs must be viewed with an understanding of the context. Again, this cannot be done without the assistance of the clients. Without the ability to review the material with our clients, it is impossible to adequately prepare for trial at any time.[4]

With the case pending for so long and trial imminent, there is little doubt as to who are the likely cooperators. Moreover, providing social media material to the defendants without the page that include specific identity information does not put anyone at more risk. In this request, I cannot even mention any information about the media accounts that have been marked "Sensitive Discovery" but I will do so in my sealed submission.

On Thursday, August 1, 2019, I requested that the government permit me to show and discuss the social media affidavit with my client today, Monday August 5, 2019, when I planned to visit my client to review the new indictment and other discovery material with him. I volunteered to redact the true name of any non gang member before doing so. The government indicated that it would provide me with a redacted affidavit before then. I have not received such a redacted affidavit.

The limitations placed upon counsel not only make it impossible to adequately prepare for trial, it makes the relationship between counsel and his client untenable requiring counsel to inform the client that we have material that we cannot share nor discuss with him. I am also spending precious time on these issues instead of reviewing the original discovery and new discovery material.

I respectfully request that the Protective Order be immediately modified to permit the attorneys to share the social media affidavit with their clients with the

---

contained in the Discovery. Any filings that incorporate the Discovery by attachment, contain any excerpts of Discovery, or incorporate Discovery by reference must be filed under seal. Nothing ln this Order precludes Defense Counsel from using the Discovery in judicial proceedings in this case.

[4] I have attached four examples of Facebook messenger texts from the original discovery that was not designated "Sensitive Discovery" as examples.

**LAW OFFICE OF SAM A. SCHMIDT**

real names of non gang members redacted, summarize and discuss the Sensitive Discovery social media with our clients. I further request that your Honor order the government to explain the basis of the need for the social media accounts to continue to be designated Sensitive Discovery and require the government to immediately provide redacted social media accounts claimed to be Sensitive Discovery.

      I will make myself available for a conference if your Honor believes that there is a need for such.

                                          Respectfully,
                                              /s/
                                          Sam A. Schmidt
                                          Andrew M.J. Bernstein
                                          Attorneys for Randy Torres