**JOHN M. BURKE**
   Attorney at Law

26 Court Street - Suite 2805
Brooklyn, New York  11242
Tel: (718) 875-3707
Fax: (718) 875-0053

August 6, 2019

Honorable Victor Marrero
United States District Court     MOTION TO PRECLUDE
Southern District of New York     BAD ACTS AT TRIAL
500 Pearl Street
New York, New York   10007

            Re.:   U.S. v. Charles Ventura
                   16 CR 809 (VM)

Dear Judge Marrero:

I.    THE JURY SHOULD NOT BE TOLD THAT CHARLES VENTURA WAS ON PAROLE

    On September 6, 2017 law enforcement officers recovered a cell phone on a public street in the Bronx, New York.  The parole officer supervising Charles Ventura was contacted by the authorities and he informed them that the phone number of Charles Ventura matched the phone number of the cell phone recovered on the street.  This cell phone was found in close proximity to an area where Charles Ventura allegedly possessed a weapon.  The Parole Officer also claimed to recognize Charles Ventura as the man depicted in a surveillance video.

    Upon information and belief the Government intends to offer evidence of this seizure and identification at trial.  The defense <u>objects to any witness identifying himself as CHARLES VENTURA'S PAROLE OFFICER AT TRIAL</u>.  The defense also objects to any inference or suggestion that Charles Ventura was on parole in December of 2017.  Any evidence indicating he was on parole would be inflammatory, prejudicial and have limited probative value.

Honorable Victor Marrero                                             August 6, 2019
United States District Court                                         Page 2

Federal Rules of Evidence 403 provides for the exclusion of testimony and evidence if:

> Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

If the jury is permitted to hear that Charles Ventura is on parole they will be improperly notified that he has a criminal record for a serious offense. This information will impugn his character and unduly prejudice him in front of the trial jury. Under these circumstances the Government should be precluded from adducing any evidence at trial indicating Charles Ventura was on parole. His status as a parolee is irrelevant to the charges in the indictment and would unfairly taint him before the triers of fact. Huddleston v. United States, 485 U.S. 681, 691, 1988.

II.   TESTIMONY CONCERNING CHARLES VENTURA'S STABBING INJURIES SHOULD BE PRECLUDED FROM TRIAL

Charles Ventura was stabbed several times while walking on a public street on the morning of August 11, 2014. He did not identify his attackers and no one was arrested for the incident. Upon information and belief the Government intends to introduce evidence of this attack and Ventura's injuries at trial. The defense moves to preclude this evidence from trial since it is not relevant to the charges in the indictment and is highly prejudicial to Ventura. F.R.E. 403.

If the jury is permitted to hear evidence regarding this attack they will assume Ventura was assaulted because he was involved in "gang" activities. Upon information and belief the attack was not connected to the charged conspiracy and is not proper background evidence. Testimony concerning the stabbing of Ventura in 2014 is irrelevant, lacks probative value and is highly prejudicial. The prosecution should be barred from introducing this evidence at trial.

Honorable Victor Marrero  August 6, 2019
United States District Court  Page 3

III. **THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AT TRIAL CONCERNING CHARLES VENTURA'S STATE CONVICTION FOR A WEAPONS OFFENSE IN 2009.**

On April 23, 2009 Charles Ventura was arrested for discharging a weapon on a public street. No one was injured as a result of the shooting and when Mr. Ventura was arrested a weapon was recovered nearby. He subsequently entered a guilty plea in New York State Supreme Court, Bronx County, to criminal possession of a weapon and was sentenced to three and a half years in prison. Upon information and belief, this weapons offense is unrelated to the charges in the indictment and should not be permitted at trial.

Evidence of criminal acts is not admissible to prove the character of a person or to show that he has a criminal nature. Ventura's prior crime is not proper proof of motive, intent, preparation, plan, knowledge, intent or absence of mistake in connection with the present case. F.R.E. 404(b). Evidence showing he has a history of using firearms would be inherently prejudicial since Ventura is charged with weapons offenses in the instant case. To the extent the evidence of this past conviction is probative its prejudicial harm clearly outweighs its probative value and the evidence should be barred from trial. F.R.E. 403.

IV. **TRIAL EXHIBITS**

The defense also requests that the Government supply an Exhibit List and a copy of all the exhibits 30 days before trial. The disclosure of exhibits will enable the parties to prepare for trial in an expeditious manner.

Respectfully yours,

s/
JOHN BURKE
Attorney for Charles Ventura

JB/dw

Honorable Victor Marrero  August 6, 2019
United States District Court  Page 4

cc: United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attention:   Jessica Fender, Esq., AUSA
                    Anden Chow, Esq., AUSA