JOHN M. BURKE
    Attorney at Law                                        26 Court Street - Suite 2805
                                                             Brooklyn, New York 11242
                                                              Tel: (718) 875-3707
                                                              Fax: (718) 875-0053

                                                              December 28, 2019

Honorable Victor Marrero
United States District Court             MOTION TO PRECLUDE
Southern District of New York            LAY OPINION TESTIMONY
500 Pearl Street
New York, New York 10007

                         Re.:    U.S. v. Charles Ventura
                                 16 CR 809 (VM)

Dear Judge Marrero:

     Two state law enforcement officials were asked to view grainy surveillance videos depicting three men walking and running on a dark rainy street in the Bronx on the night of September 6, 2017. The videos were taken shortly after a shooting at a nearby location. Two of the men were wearing hoodies and the third man had a cloth covering his head. A Field Intelligence Officer with the Housing Bureau of the N.Y.P.D. viewed the surveillance videos and claimed that one of the men <u>appears</u> to be Charles Ventura. A parole officer assigned to supervise Charles Ventura also reviewed the videos and stated that one of the men <u>resembled</u> Charles Ventura.

     Upon information and belief the Government intends to offer the testimony of these two officers at trial. The defense moves to preclude this lay opinion testimony from evidence. FRE 702. The jury will be able to view the surveillance videos and the defendant of at trial. They will be able to make their own determination regarding the identity of the men in the video. The officers in questions would not be testifying based upon their law enforcement expertise but rather as lay witnesses offering their opinion regarding the men on the surveillance tape. See <u>United States</u> v. <u>Calhoun</u>, 544 F.2d 291, 295 (6th Cir. 1973) (testimony by lay witness acquainted with the defendant identifying defendant as robber shown in bank surveillance photographs :"teases the outer limits of Rule 702...., whether this testimony was 'helpful'...is not

Honorable Victor Marrero  December 28, 2019
United States District Court  Page 2

at all clear"; testimony should have been excluded pursuant to Rule 403. The "hunches" of these witnesses will not assist the trier and fact and will only seek to prejudice the defendant at trial.

In this instance the officers statements that one of the men in the video "resembles" or "appears to be" Ventura are inconclusive and will only serve to unfairly implicate Ventura in criminal activity.[1] This opinion testimony is unreliable and would only usurp the fact finding function of the jury. See 4 Weinstein's Federal Evidence §701.05 (2d ed 20049) (noting that Courts should be wary of opinion testimony whose "sole function is to answer the same question that the trier of fact is to consider in its deliberations"). United States v. Garcia, 413 F.3d 201 (2d Cir. 2010); United States v. Grinage, 390 F.3d 746 (2d Cir. 2004).

Ventura contends that the officers' hunches and opinions will not be helpful to the jury, have limited probative value and should be excluded from evidence because they are unduly prejudicial. FRE 403, 701.

Respectfully yours,

s/
JOHN BURKE
Attorney for Charles Ventura

JB/dw

cc:  United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York   10007
     Attention:   Jessica Fender, Esq., AUSA

---

[1] The officers' statements were set forth in the complaint filed against Ventura. 17 Mag 9351 pg.(3).