**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 6, 2020

**BY ECF AND FAX**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Torres, et al., S8 16 Cr. 809 (VM)**

Dear Judge Marrero:

      The Government respectfully submits this letter to advise the Court of its intention to display photographs and names of the defendants and other individuals relevant to the case on a faceboard. As its witnesses testify, the Government intends to display exhibits as they are admitted on a board depicting the hierarchy of the Rollin' 30s Crips (the "Board"). Although the presentation of a faceboard demonstrative is a common practice in this district, the Government nevertheless moves *in limine* for a ruling permitting it to show the Board to the jury.

**I.  Applicable Law**

      Federal Rule of Evidence 611(a) permits the use of "pedagogical devices," such as displays summarizing and arranging the evidence, to aid the jury's understanding of the evidence. *See, e.g.*, *United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013); *United States v. Ogba*, 526 F.3d 214, 225 (5th Cir. 2008) (citing *United States v. Taylor,* 210 F.3d 311, 315 (5th Cir. 2000)); *United States v. Dolney*, 2005 WL 2129169, at *4 (E.D.N.Y. Sept. 1, 2005), *aff'd sub nom. United States v. Pirgousis*, 290 F. App'x 388 (2d Cir. 2008); *Verizon Directories Corp. v. Yellow Book USA, Inc.*, 331 F. Supp. 2d 136, 139–40 (E.D.N.Y. 2004). Such devices are not themselves evidence, and thus differ from summary charts admitted under Federal Rule of Evidence 1006. *Verizon Directories*, 331 F. Supp. 2d at 139 ("It is a common view among courts that such pedagogical devices 'are not evidence themselves, but are used merely to aid the jury in its understanding of the evidence that has already been admitted.'" (quoting *United States v. Janati,* 374 F.3d 263, 273 (4th Cir. 2004))).

      Because pedagogical summaries under Rule 611(a) are not themselves evidence, they "can be more one-sided in their presentation of the relevant information. For instance, such exhibits may . . . 'reveal inferences drawn in a way that would assist the jury.'" *White*, 737 F.3d at 1135 (quoting *Janati,* 374 F.3d at 273). Thus, for example, the Fifth Circuit has affirmed the Government's use of an "organizational chart [that] arranged photographs of the defendants in a manner that demonstrated the government's theory of the defendants' roles in the conspiracies and

substantive RICO offenses," combined with a timeline and summaries of the evidence, "intended to present the government's version of the case." *United States v. Posada-Rios*, 158 F.3d 832, 869 (5th Cir. 1998). The charts and timelines were displayed "throughout the trial," but the jury was instructed that the charts were not evidence, only "an effort to help you follow the evidence that you are going to be hearing over the course of the trial." *Id.*; *see also Ogba*, 526 F.3d at 225-27 (affirming case agent's use of pedagogical aid to explain the structure and operations of the charged conspiracy).

## II.   Discussion

The Board, to include its arrangement of photographs to reflect the structure of the Rollin' 30s Crips, is an appropriate pedagogical device under Rule 611(a). As witnesses identify Government exhibits depicting the defendants and other individuals relevant to the case, the Government will place them on the Board in front of the jury, arranging it in a manner consistent with the witnesses' testimony. Not only is this procedure consistent with the standard practice in this District, it is considerably less "argumentative" than the extensive organizational charts, timelines, and summaries displayed throughout the trial in *Posada-Rios*.

The Government will not seek to introduce the Board itself into evidence. Additionally, the Government would be amenable to an instruction to the jury that the Board itself is not evidence and is being displayed merely "to help you follow the evidence that you are going to be hearing over the course of the trial." *See e.g., Posada-Rios*, 158 F.3d at 869 (upholding instructions to the jury that a time line and an "organizational chart arrang[ing] photographs of the defendants in a manner that demonstrated the government's theory of the defendants' roles in the conspiracies and substantive RICO offenses" were "an effort to help you follow the evidence that you are going to be hearing over the course of the trial").

To the extent any of the defendants' might claim that the Board is unfairly prejudicial under Federal Rule of Evidence 403, the Board will reflect the testimony of the witnesses who will testify regarding the stations of the defendants and other members within the hierarchy of the Rollin' 30s Crips. Accordingly, the arrangement of the photos on the Board is exactly the sort of secondary detail for which a pedagogical aid can help the jury follow the evidence as it comes in, without any unfair effect. Moreover, defense counsel for defendant Randy Torres has already conceded in his opening statement that he had been conferred "OG" status within the Crips enterprise. (Tr. 45 ("We do not dispute that Randy Torres was an OG, an old gangster or someone who had status, was higher up in the Rollin' 30s Crips."). Therefore, his placement above others on the board cannot be deemed *unfairly* prejudicial.

For the foregoing reasons, the Government respectfully requests that the Court grant this motion *in limine* permitting its display of the Board.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: _____/s/_____
Jessica Fender / Anden Chow / Jacqueline Kelly
Assistant United States Attorneys
(212) 637-2276 / 2348 / 2456

cc: Counsel of record (by ECF)