

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 6, 2020

**BY ECF AND FAX**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     <u>**United States** v. **Torres, et al.,** S8 16 Cr. 809 (VM)</u>

Dear Judge Marrero:

The Government respectfully submits this letter to address the defendants' objections to the Government's social media exhibits (hereinafter, "Social Media Exhibits").[1] The Government submits that the Social Media Exhibits are admissible, there is no valid basis for the defense's objections, and in any event, the defendants waived their objections by not raising them in advance of trial.

## A.     Background

As the Court is well aware, the Government's investigation of this case included obtaining a number of social media returns from Facebook related to accounts used by the defendants, cooperating witnesses, and other co-conspirators. Indeed, the production of some of these records in the summer of 2019 resulted in a near five-month adjournment of the trial date, in order to permit defense counsel sufficient time to review the material. At the time, the Government's early disclosure of the material far exceeded the requirements of Federal Rule of Criminal Procedure 16 and also included early production of 3500 material so that defense counsel would have ample

---

[1]     The Social Media Exhibits are identified in the Government's Exhibit List in the 600 and 1600 series. The full list of the exhibits was also provided by email to defense counsel today. These include 600a -- 600d; 1600b -- 1600d; 601a -- 601ee; 1601b -- 1601ee; 602a and 602b; 1602b -- 1602f; 603a -- 603eee; 1603D -- 1603eee; 604a -- 604v; 1604b -- 1604v; (But not 604H / 1604H); 605a -- 605dd; 1605b -- 1605dd; 607a -- 607q; and 1607d; 608a -- 608ff; and 1608B; 1608J; 1608K; 1608Y; 1608BB; 1608DD; 609a -- 609d; 610a -- 610z; and 1610D; 1610F; 1610I; 1610K; 1610L; 1610O; 1610P; 1610Q; 1610U; 1610W; 1610X; 1610Y; 613a -- 613m; and 1613C; 1613E; 1613F; 1613I; 1613J; 1613K; 1613L; 1613M; 614a -- 614e; 615a -- 615p; 1615C; 1615F; 1615G; 1615H; 1615P; 616a -- 616m; and 1616F; 1616G; 1616I; 1616M; 617a -- 617f; and 1617f.

opportunity to review all social media materials for both affirmative evidence and impeachment material.

Not only did the Government produce these materials early, the Government's motions *in limine* also directly anticipated potential issues that defense counsel might have with the Social Media Exhibits, many of which contain co-conspirator statements. The Government moved to admit those statements, using excerpts from the material as examples of the evidence the Government sought to introduce at trial. Over the defendants' opposition, the Court granted the Government's motion, finding that co-conspirator statements in the categories identified by the Government – including some of the specific examples cited – would be admitted at trial. (Dkt. 439.)

Against that backdrop—early production of the social media accounts, a sizeable adjournment with which to digest them, a number of specific examples of admissibility cited by the Government, and detailed guidance from the Court—the Government produced the Social Media Exhibits in a manner that would ensure defense counsel had a sufficient opportunity to review the Social Media Exhibits the Government planned to use in its case-in-chief at trial, and to resolve any issues or objections in advance. Indeed, the Government previewed this precise issue at the Final Pretrial Conference on January 24, 2020. (Final Pretrial Conference ("FPTC") Tr. at 19 – 21.) Specifically, the Government noted that "Torres counsel have pushed very hard for early disclosure of the Government's exhibits and particularly social media," and that the Government was intending to produce them "far enough in advance of trial that if there were specific objections your Honor would have a chance to address those." (*Id.* at 19-20.)

As promised, on or about January 27, 2020, the Government produced its proposed Social Media Exhibits to defense counsel. For ease of conferring about potential objections, the versions produced on that date included proposed redactions to the original documents marked with red boxes. That way, defense counsel could easily ascertain what portions of the documents the Government planned to introduce, and which portions the Government planned to redact (including, but not limited to, irrelevant or otherwise inadmissible material). At the time the materials were made available, the Government emailed defense counsel: "The potential social media exhibits the Government has identified to date are now up on the USAFx site for your review. They are red-boxed, to show you what we intend to redact before using at trial."

The Government received zero objections or requests for modifications to the proposed exhibits. On or about February 1, 2020, the Government produced final marked copies of the Social Media Exhibits. Similarly, the Government received no objections or requests for modifications in advance of trial. The Government therefore reasonably understood there to be no further objections to the materials.

The defendants have had ample opportunity to raise any potential issues about these exhibits. In fact, in the lead-up to trial, defense counsel and the Government engaged in extensive discussions regarding how both the Government and defense counsel would authenticate and admit their exhibits at trial. These discussions persisted until the first day of the trial, when an agreement on authentication was finally reached.

## B.  Discussion

As noted today on the record, given that no objections had been made by the defense, the Government planned to streamline its case-in-chief by introducing a large number of these exhibits into evidence at once, so that it would be in a position to introduce only a subset of the Social Media Exhibits individually through witness testimony.  As your Honor acknowledged, introducing the exhibits at once is significantly more expedient than a piece-meal approach.  At the time of filing, we have not yet received all of the defense's objections, nor do we know the specific legal bases for the objections.  Depending on the number and nature of objections raised, the Government may have to change its approach to offer many more exhibits through witness testimony. This approach could significantly lengthen the amount of time the witnesses are on the stand, and thus, the trial length.  In addition, it would put the Government in the significant disadvantage of having to reconfigure its entire case-in-chief.

In any event, the merits of the defendants' objections are far from apparent.  The Social Media Exhibits include, *inter alia*, posts and messages from the defendants' own accounts – constituting party admissions – as well as co-conspirator statements that fall within the permissible categories defined by the Court's ruling.  Based on the information received this evening from the defense, it appears that they plan to significantly challenge certain exhibits based on the identities of certain participants in the conversations, who they will argue are not co-conspirators.  These types of objections could easily have been resolved in advance of trial; indeed, the Government was able to raise these potential objections on behalf of the defense in its motion *in limine*, and the Court has already ruled that exhibits like the ones identified in the motions papers are admissible.[2]  In addition, it is mystifying why the defendants were not prepared today to identify categories of exhibits to which they had no objection.  For example, the defendants, at a minimum, cannot reasonably dispute the admissibility of the proposed exhibits from *the defendants' own accounts*.

For these reasons, the Government respectfully requests that the Court admit the evidence offered by the Government.  The defendants have had ample time to review the evidence and, until today when the evidence was offered, have failed to even provide notice that they intended to object.

Finally, in order to avoid similar issues regarding other categories of evidence, the Government notes that its marked exhibits include a substantial volume of medical records and a

---

[2] For example, minutes before the filing of this submission, the defense advised the Government that among the exhibits to which it is now objecting includes Government Exhibit 607K, which is a conversation between Richard Feliz and another member of the Rollin' 30s, in which Feliz apprises the other member of the events that lead to Suazo's homicide.  In response, the fellow member of the Rollin' 30s bemoans, "STILL WHY KILL YA OWN BROTHER WE ALL THE SAME."

The Government cited this very exhibit as an example of the types of co-conspirator statements that the Government would seek to introduce. (See Dkt. 395 at p. 20.)  The Court has already ruled on this very issue – and indeed with this very exhibit in mind.  The fact that the defense is now trying to raise this objection as a reason to stall the admission of the Social Media Exhibits is indicative of the baseless nature of the defendants' objections.

number of jail calls were similarly made available to defense counsel well in advance of trial.[3] Like the Social Media Exhibits, the parties have reached stipulations regarding the authenticity of these exhibits. Having received no objections, the Government plans to admit these exhibits after those stipulations are entered into the record. To the extent that defense counsel nonetheless plan to attempt to object to these or any other pre-marked exhibit, the Government respectfully requests that the defense raise any such objections by no later than Saturday 2/8 at 5:00 p.m., so that the Government has time to respond and the Court may resolve any disputes without further delay upon resuming the trial Monday.

## C.    Conclusion

For the reasons stated above, the Government respectfully requests that the Court admit the Social Media Exhibits offered by the Government.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: _____/s/_____
Jessica Fender / Anden Chow / Jacqueline Kelly
Assistant United States Attorneys
(212) 637-2276 / 2348 / 2456

cc: Counsel of record (by ECF)

---

[3] The Government began producing the medical records on a rolling basis on or about December 20, 2019 and produced the proposed jail call exhibits with draft transcripts on or about January 31, 2019. To date, the only objection received to any of those exhibits was one from defendant Walston Owen regarding any material in the medical records that did not involve "medical treatment." Owen has not cited any specific portions of the records he believes are inadmissible. The Government contends that the entirety of the marked exhibits involve medical treatment and are thus relevant and admissible.