# WM | Wright & Marinelli, LLP
### ATTORNEYS AT LAW

---

**305 BROADWAY, SUITE 1001,**
**NEW YORK, NY 10007**
**OFFICE (212) 822-1419 • FACSIMILE (212) 822-1463**

February 17, 2020

**VIA ECF & EMAIL**
Honorable Victor Marrero
United States District Court Judge
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Charles Ventura*, et al
             16 Cr. 809 (VM)

Hon. Marrero,

      Defendant Charles Ventura writes in regard to your Honor's proposed jury instruction, and respectfully offers the following modifications to the proposed jury instruction.

1.    <u>Circumstantial Evidence</u>:

      We submit the following charge to supplement the existing circumstantial evidence charge on page 13 of the proposed jury instruction:

> **"Now, whether the circumstantial evidence leads you inevitably to a particular inference is another matter. Let me give you another example. Let's say that one evening, you go into a subway station. It's a local stop and it's not rush hour. You arrive at the platform and you are surprised to find a large crowd of people waiting on the platform. You didn't expect there to be many people, but there are lots of people waiting. Now, you might infer from this fact that there must not have been a train for quite some time. But is that a strong inference or a weak inference? Put another way, is that the only inference you might draw from the circumstantial evidence of a crowded subway platform?**
>
> **It is certainly a weaker inference than the one about the snow during the night [wet raincoat example used in the proposed jury instruction], because if you think more about it, maybe there are other, equally plausible explanations. Maybe there was a train just a minute ago that went out of**

1

> **service and they said, everybody off the train. Or maybe its 10:30p.m. and you are waiting at the 50th street stop of the IRT no. 1 and 9 trains and the Broadway theatres just let out. There is more than one possible plausible explanation. So in this example, you wouldn't have a strong a basis for drawing one particular inference."**

Adapted from the circumstantial evidence jury charge of Hon. Deborah A. Batts in <u>United States v. Lynch</u>, 00-CR-1123 (DAB) S.D.N.Y. 2001; (Tr. Pg. 1574-75). The ubiquitous "wet raincoat" example used to illustrate circumstantial evidence impermissibly skewers the entire charge in favor of the Government. We contend that Hon. Batts' circumstantial charge provides a nuanced, neutral and unbiased charge.

2. <u>Codefendant's Plea Agreement</u>:

The Government entered into cooperation/plea agreements with testifying cooperating witnesses: Nathaniel Rodriguez, Shaquille Bailey and Christopher Domena. As a consequence we request your Honor to add the following to the proposed jury instruction at page 23:

> **"However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different from an ordinary witness. A witness who realizes that he may be able to obtain his freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weight it with great care. If, after, scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves."**

Adapted from Leonard B. Sand et al., <u>Modern Federal Jury Instructions</u> (2000), Instructions 7-11, Codefendant's Plea Agreement.

3. <u>Impeachment by Felony Conviction – Non-Defendant</u>:

Government witnesses Shaquille Bailey and Christopher Domena testified to having Felony convictions from New York state courts. We therefore suggest the following charge to supplement the proposed jury instruction on witness credibility:

> **"You have heard the testimony of a witness who was previously convicted of a crime, punishable by more than one year in jail. This prior conviction was put into evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given."**

Adapted from Leonard N. Sand et al., <u>Modern Federal Jury Instructions</u> (2000), Instructions 7-12, Impeachment by Felony Conviction – Non-Defendant.

4.      <u>Witness Using or Addicted to Drugs</u>:

Government witnesses Shaquille Bailey, Christopher Domena and Nathaniel Rodriguez all testified to abusing drugs throughout the time-frame in question and all three admitted to abusing drugs at the time they witnessed certain events they testified about.  In light of that testimony, we offer the following charge to supplement the proposed jury instruction on witness credibility:

> **"There has been evidence introduced at the trial that the government called as a witness a person who was using drugs when the events he observed took place […].  I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.**
>
> **On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness.  The testimony of a witness who was using drugs at the time of the events he is testifying about, [….] may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.**
>
> **If you decide to accept his testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves."**

Adapted from Leonard N. Sand et al., <u>Modern Federal Jury Instructions</u> (2000), Instructions 7-9.1, Witness Using or Addicted to Drugs.

5.      <u>Objection to a Portion of the Count Seven Jury Instruction</u>:

As a final point, we object to that portion of the proposed jury instruction found at page 80 regarding Count Seven of the indictment under the heading "Purpose of the Statute."  This portion of the jury instruction discusses the Congressional intent behind the prohibition of Felons possessing firearms or ammunition.  We fail to see how this instruction assists the jury in its deliberative process; as it is not an element of the Count Seven criminal offense and is not relevant as to whether the Government has proven Ventura's guilt beyond a reasonable doubt.  We therefore respectfully request this portion not be submitted to the jury in your Honor's final charge.

Sincerely,
/s/
John Burke
Christopher Wright
Attorneys for Charles Ventura
